People v Shaw (2022 NY Slip Op 02879)

People v Shaw

2022 NY Slip Op 02879

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Ind No. 19/17 Appeal No. 15829 Case No. 2019-3134 

[*1]The People of the State of New York, Respondent,
v
Keeyon Shaw, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Kerry Elgarten of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered February 22, 2018, convicting defendant, after a jury trial, of aggravated harassment of an employee by an inmate, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence, viewed as a whole, supports the conclusion that the substance thrown by defendant at a corrections officer was urine. The fact that a laboratory analysis did not confirm the presence of urine was satisfactorily explained.
The court properly denied defendant's motion to set aside the verdict on the ground of newly discovered evidence. The court motion was not in writing, and the court expressly denied the motion on that basis (see CPL 330.40[2][a]). The court reached the merits only as an alternative holding, and it correctly found that the newly discovered evidence was not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30[3]). The additional evidence was potential impeachment material with respect to an officer who was not present at the actual incident.
Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022